FILED

JUL 26 2022

Tracey M. Slagle
YAKIMA COUNTY CLERK

3 Pages

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

KELLIE MULLEN, an unmarried individual;

*Plaintiff,*

v.

The WASHINGTON DEPARTMENT OF
AGRICULTURE, an agency of the State of
Washington; BRAD WHITE, in his
individual capacity and official capacity as
Assistant Director for the Plant Protection
Division; MIKE FIRMAN, in his individual
capacity and official capacity as Program
Manager for the Washington Department of
Agriculture's Yakima Chemical/Hop Lab;

*Defendants.*

No. **22 2 01 5 26 39**

SUMMONS—20 DAYS

**TO THE DEFENDANTS:**

A lawsuit has been started against you in the above-entitled court by the Plaintiff

identified above.  Plaintiff's claim is stated in the written complaint, a copy of which is

served upon you with this summons.

**In order to defend against this lawsuit, you must respond to the complaint by**

**stating your defense in writing and by serving a copy upon the undersigned attorney for**

**the plaintiff within 20 days after the service of this summons, excluding the day of**

**service,** if served within the state of Washington (or within 60 days after service of this

summons upon you, exclusive of the day of service, if served out of the state of

Washington), or a default judgment may be entered against you without notice. **A default**

**judgment is one where plaintiff is entitled to what it asks for because you have not**

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

**responded.** If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the attorney signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

**If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.**

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

*Signed this day*, July 25ᵗʰ, 2022.


By: _____
LARSON GRIFFEE & PICKETT PLLC
William D. Pickett, WSBA No. 27867
Stephan D.A. Yhann, WSBA No. 54230
*Attorneys for Plaintiff Kellie Mullen*

Address:    105 North Third Street
            P.O. Box 550
            Yakima, Washington 98907
Phone:      (509) 457-1515
Email:      Bill@lgplawfirm.com
            Stephan@lgplawfirm.com

1

## CERTIFICATE OF SERVICE

2

3

I declare under penalty of perjury under Washington law that, on July _____, 2022, I caused the foregoing document and any attachments thereto to be served as indicated below and addressed to the following:

4

5

6

**Washington Department of Agriculture**
*Defendant*
*Service address to be provided by Process Server's Declaration*

7

8

9

☐ Personal Service/Process Server
☐ First Class Mail, Postage Prepaid
☐ Certified Mail, Return Receipt
☐ Federal Express, Overnight
☐ Hand Delivery/AMS
☐ Email
☐ Court-run electronic service system

10

11

12

**Mike Firman**
*Defendant*
*Service address to be provided by Process Server's Declaration*

13

14

15

☐ Personal Service/Process Server
☐ First Class Mail, Postage Prepaid
☐ Certified Mail, Return Receipt
☐ Federal Express, Overnight
☐ Hand Delivery/AMS
☐ Email
☐ Court-run electronic service system

16

17

18

**Brad White**
*Defendant*
*Service address to be provided by Process Server's Declaration*

19

20

21

☐ Personal Service/Process Server
☐ First Class Mail, Postage Prepaid
☐ Certified Mail, Return Receipt
☐ Federal Express, Overnight
☐ Hand Delivery/AMS
☐ Email
☐ Court-run electronic service system

22

23

24

Amber Cuevas, Legal Assistant

25

26

27

28

SUMMONS—20 DAYS — Page 3 of 3

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

FILED

JUL 26 2022

*Tracey M. Slagle*
*YAKIMA COUNTY CLERK*

___21___ **Pages**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

KELLIE MULLEN, an unmarried individual;

*Plaintiff;*

v.

The WASHINGTON DEPARTMENT OF AGRICULTURE, an agency of the State of Washington; BRAD WHITE, in his individual capacity and official capacity as Assistant Director for the Plant Protection Division; MIKE FIRMAN, in his individual capacity and official capacity as Program Manager for the Washington Department of Agriculture's Yakima Chemical/Hop Lab;

*Defendants.*

No. **222 01 52 6 39**

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND WRONGFUL TERMINATION

COMES NOW, Plaintiff KELLIE MULLEN and pleads as follows in this *Complaint for Wrongful Termination:*

## I.    PARTIES

1.    **Plaintiff Kellie Mullen.** Kellie Mullen is a single individual. She is a citizen of Washington presently residing in Yakima County. At all times relevant to this lawsuit, Ms. Mullen was employed by the Washington Department of Agriculture as a "Chemist 2" with the Division of Plant Protection's Chemical and Hop Lab, and was a subordinate of Washington Department of Agriculture Assistant Director, Brad White and Mike Firman.

2.    **Defendant Washington Department of Agriculture.** The Washington Department of Agriculture ("the Department") is an agency of the State of

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND WRONGFUL TERMINATION — Page 1 of 10

CAUSE NO._____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

Washington created by the legislature.   It is headquartered in Olympia, Washington.   At all times relevant to this lawsuit, the Department operated an office within Yakima County known as the Yakima Chemical/Hop Lab.

3.     **Defendant Brad White (individually and in his official capacity).** Brad White is an employee of the Department.  He is an Assistant Director for the Department. As an Assistant Director, Mr. White leads the Department's Plant Protection Division.  On information and belief, Plaintiff alleges that Mr. White was at all times relevant to this lawsuit empowered to make and responsible for decisions related to commencement and termination of his subordinates' employment.  At all times relevant to this lawsuit, Mr. White was acting on behalf of the Department and within the scope of his employment.   At times relevant to this lawsuit, Mr. White was an individual "acting directly or indirectly in the interest of" the Department, and is subject to liability in his individual supervisory capacity.[1]

4.     **Defendant Mike Firman (individually and in his official capacity).** Mike Firman is an employee of the Department.  He is a Program Manager at the Department's Yakima Chemical/Hop Lab.  On information and belief, Plaintiff alleges that Mr. Firman was at all times relevant to this lawsuit empowered to make and responsible for decisions related to commencement and termination of his subordinates' employment. At all times relevant to this lawsuit, Mr. Firman was acting on behalf of the Department and within the scope of his employment. At times relevant to this lawsuit, Mr. White was an individual "acting directly or indirectly in the interest of" the Department, and is subject to liability in his individual supervisory capacity.[2]

## II.     JURISDICTION & VENUE

5.     **Pre-Suit Notice of Claim.** Plaintiff has complied with all statutorily required pre-suit notice requirements and presented notice of her claim to the required state

---

[1] *See Bonzani v. Shinseki*, 895 F. Supp. 2d 1003, 1009-1007 (E.D. Cal. 2012).
[2] *Id.*

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND
WRONGFUL TERMINATION — Page 2 of 10

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

1    agencies and authorities.  More than ninety (90) days have passed since the Notice

2    was submitted, and no further action has been taken by the State.

3    **6.**    **Subject Matter Jurisdiction.**  This Court has subject matter jurisdiction pursuant

4    to Article 4, Section 6 of the Washington Constitution, as the amount in

5    controversy exceeds three thousand dollars ($3,000.00).  This matter is not subject

6    to mandatory arbitration under RCW 7.06.020(1), as the amount in controversy

7    exceeds one hundred thousand dollars ($100,000.00).

8    **7.**    **Personal Jurisdiction.**  This Court has personal jurisdiction over the Department,

9    as it is an agency of the State of Washington operating therein, and is subject to

10    the sovereign immunity waiver provisions of RCW 4.92.090.

11    **8.**    **Propriety of Venue.**  This Court is the appropriate venue for this action pursuant

12    to RCW 4.92.010, as the cause of action arose from tortious conduct which

13    occurred in Yakima County.

14    <center>**III.    FACTS**</center>

15    **9.**    On January 2, 2020, Kellie Mullen was hired by the Washington Department of

16    Agriculture's Plant Protection Division as a "Chemist 2" in it the Yakima

17    Chemical/Hop Lab.

18    **10.**    Ms. Mullen began diligently and timely completing her assigned trainings, despite

19    interruptions and other challenges imposed by shutdowns and remote work

20    resulting from the COVID-19 pandemic.

21    **11.**    On top of those unforeseen pandemic-induced impediments, Ms. Mullen faced

22    challenges resulting from staffing shortages.  Between January 2020 and August

23    2020, one of Ms. Mullen's coworkers and her supervisor left her division.  That

24    increased the work load on Ms. Mullen, who endeavored to fill the void despite

25    her status as a trainee.

26    **12.**    Adding to those difficulties, Ms. Mullen was diagnosed with Hereditary

27    Hemochromatosis in June 2020.  Hemochromatosis is a disorder which causes a

28

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND
WRONGFUL TERMINATION — Page 3 of 10

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

1    person's body to store an excess of iron.  Left unchecked, Hemochromatosis can

2    cause damage to several vital organs, and ultimately, can lead to death.  Even short

3    of death, Hemochromatosis can cause significant mental and physical side effects

4    which can impact a person's personal life and work performance.

5    13.    Following her diagnosis in June 2020, Ms. Mullen developed a treatment plan with

6        her medical provider and notified her supervisor, Brittany Holmes, via email, of

7        her need for treatment.  A true and correct copy of **Ms. Mullen's June 2020 email**

8        **to Ms. Holmes regarding her diagnosis and treatment plan** is attached to this

9        *Complaint* as **Exhibit A.**  In that email, Ms. Mullen informed Ms. Holmes that she

10        was "looking into taking [Family Medical Leave Act] time if eligible, and if my

11        doctor and I feel it is medically necessary."

12    14.    Ms. Mullen's supervisor responded gracefully, telling Ms. Mullen, "[w]e are here

13        for you and want you to be healthy." Ms. Mullen's supervisor also stated that she

14        had forwarded the email to project coordinator Mike Firman and to a Department

15        Human Resources employee.

16    15.    Ms. Mullen began undergoing treatment for Hemochromatosis.  The treatments

17        had limited success.  Initially, Ms. Mullen underwent weekly treatments for her

18        disorder.  However, because of workload and the needs of the Department,

19        Ms. Mullen cut back her treatment plan in August to monthly treatments, as

20        opposed to weekly treatments.

21    16.    In October 2020, Ms. Mullen began seeing mental health professional to help her

22        cope with the psychological aspects of her disorder and the mounting stress being

23        placed on her at work.  She underwent weekly mental health therapy visits with a

24        mental health counselor in Yakima during the weekend.

25    17.    In November of 2020, the stress from both Ms. Mullen's health problems and her

26        work situation became so great that she began having suicidal thoughts.

27        Ms. Mullen approached her then-supervisor, Ana Louvre, in-person and asked

28
COMPLAINT FOR DISCRIMINATION, RETALIATION, AND
WRONGFUL TERMINATION — Page 4 of 10

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

Ms. Louvre directly whether the Department was planning on firing her. Ms. Louvre assured Ms. Mullen that the Department was not going to fire her.

18.    In late November of 2020, Ms. Mullen reached out to her supervisor (Ms. Louvre). Ms. Mullen told Ms. Louvre that she had health issues and needed help at work.

19.    On or about December 7, 2020, after Ms. Mullen had notified her supervisor (Ms. Louvre) of her health issues, Ms. Louvre stated that she did not know if Ms. Mullen would make it through her training year and transition from a trainee to a permanent employee, despite previously saying that Ms. Mullen was not in danger of being fired.

20.    Ms. Mullen raised the issue of taking medical leave with Ms. Louvre. Ms. Louvre responded bluntly, asking Ms. Mullen if she would "just prefer to be fired?" Ms. Mullen responded, "of course not."

21.    On the afternoon of December 7, 2020, Ms. Mullen informed her supervisor (Ms. Louvre) that, on the advice of her physician, she would begin "more aggressive treatment" for her Hemochromatosis in January 2022. She stated that her treatment would continue until late March 2020, and would require her to use FMLA leave. A true and correct copy of the **Ms. Mullen's notification email to her supervisor** is attached to this *Complaint* as **Exhibit B**.

22.    On December 8, 2020, a Human Resources employee for the Department acknowledged receipt of Ms. Mullen's notice. A true and correct copy of that **email acknowledgment** is attached to this *Complaint* as **Exhibit C**.

23.    On December 8, 2020, following Ms. Mullen's notice and an announcement she made at a staff meeting, Mike Firman emailed a Department Human Resources employee asking if they could "go forward with the proposed action." A true and correct copy of **Mike Firman's email** is attached to this *Complaint* as **Exhibit D**.

24.    On December 9, 2020, the day after Mr. Firman's email, the Department of Agriculture terminated Ms. Mullen's employment, effective December 10, 2020.

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND
WRONGFUL TERMINATION — Page 5 of 10

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

1   A true and correct copy of **the Department's termination letter** is attached to this

2   *Complaint* as **Exhibit E.**

3   ## IV.   LEGAL COUNTS

4   **COUNT I:   VIOLATION OF THE FEDERAL FAMILY MEDICAL LEAVE ACT**

5   **25.**   Ms. Mullens realleges and incorporates by reference by each preceding paragraph,

6       as if fully set forth herein.

7   **26.**   Ms. Mullen had a qualifying medical condition which entitled her to medical leave

8       under federal law.

9   **27.**   Defendants unlawfully interfered with, restrained and/or denied Ms. Mullen's

10      rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615

11      *et seq.*

12  **28.**   Alternatively, Defendants unlawfully retaliated against Ms. Mullen for exercising

13      her FLMA rights.

14  **29.**   Such acts and/or omissions thereby proximately caused injury and damages to

15      Ms. Mullen.

16  **COUNT II:   VIOLATION OF THE WASHINGTON FAMILY LEAVE ACT**

17  **30.**   Ms. Mullens realleges and incorporates by reference by each preceding paragraph,

18      as if fully set forth herein.

19  **31.**   Ms. Mullen had a qualifying medical condition which entitled her to medical leave

20      under state law.

21  **32.**   Defendants unlawfully interfered with, restrained and/or denied Ms. Mullen's

22      rights under the Washington Family Leave Act ("WFLA"), ch. 49.78, RCW and

23      its successor statutes.

24  **33.**   Alternatively, Defendants unlawfully retaliated against Ms. Mullen for exercising

25      her rights under the WFLA and/or its successor statutes.

26  **34.**   Such acts and/or omissions thereby proximately caused injury and damages to

27      Ms. Mullen.

28

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

COUNT III: VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION—DISABILITY DISCRIMINATION

35. Ms. Mullen realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

36. Ms. Mullen had a qualifying medical condition which constituted a disability under state anti-discrimination laws.

37. Ms. Mullen was entitled to protection against discrimination due to her disability under state anti-discrimination laws.

38. Defendants, unlawfully discriminated against Ms. Mullen on the basis of disability in violation of rights and protections under the WLAD, ch. 49.60 RCW *et seq.*

39. Such acts and/or omissions thereby proximately caused injury and damages to Ms. Mullen.

COUNT IV: VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION—RETALIATION

40. Ms. Mullen realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

41. Ms. Mullen participated/engaged in a statutorily protected activity, to wit: requested statutorily protected medical leave for treatment of a qualifying medical condition.

42. Defendants took an adverse employment action against Ms. Mullen, to wit: terminating her employment with the Department.

43. Ms. Mullen's participation/engagement in the aforementioned statutorily protected activity was a substantial factor in the Defendants' decision to terminate Ms. Mullen's employment with the Department.

44. Such acts and/or omissions thereby proximately caused injury and damages to Ms. Mullen.

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

**COUNT V:    TERMINATION IN VIOLATION OF PUBLIC POLICY**

**45.**    Ms. Mullen realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

**46.**    Ms. Mullens had a qualifying medical condition which entitled her to leave under state and federal law.

**47.**    Defendant Department of Agriculture, acting by and through its employees and/or agents (including but not limited to Defendants Brad White and Mike Firman), wrongfully terminated Ms. Mullen's employment, in violation of her rights under the WFLA, ch. 49.78 RCW et seq, and the FMLA, 29 U.S.C. § 2615 *et seq.*

**48.**    Both of those statutes are clear mandates of public policy that entitle employees to take reasonable leave for medical reasons.

**49.**    By terminating Ms. Mullen for taking protected medical leave, Defendants violated the aforementioned public policy enshrined in those statutes.

**50.**    Defendants' acts and/or omissions thereby proximately caused injury and damages to Ms. Mullen in an amount to be proven at trial.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff asks this Court to:

**51.**    **ENTER JUDGMENT** in favor of Plaintiff and against all Defendants, jointly and severally, for all actual, liquidated, economic, and non-economic damages suffered by Plaintiff;

**52.**    **AWARD** Plaintiff pre-judgment interest, costs, fees, and disbursements in Plaintiff's favor, in the maximum amount allowed by equity and law;

**53.**    **AWARD** Plaintiff her reasonable attorney fees, in the fullest amount allowed by statute, equity, and law, and permit her to recover the same from all Defendants, jointly and severally; and

**54.**    **ORDER** any other relief this Court deems just, equitable, or necessary.

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

1  *Signed this day*, July ___25___, 2022.

2

3

4  By: _____

5      **LARSON GRIFFEE & PICKETT PLLC**
       William D. Pickett, WSBA No. 27867
6      Stephan D.A. Yhann, WSBA No. 54230
       *Attorneys for Plaintiff Kellie Mullen*
7
8      Address:   105 North Third Street
                  P.O. Box 550
9                 Yakima, Washington 98907
       Phone:     (509) 457-1515
10     Email:     Bill@LGPlawfirm.com
                  Stephan@LGPlawfirm.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND
WRONGFUL TERMINATION — Page 9 of 10

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

1
2
3

## CERTIFICATE OF SERVICE

I declare under penalty of perjury under Washington law that, on July _____, 2022,
I caused the foregoing document and any attachments thereto to be served as indicated
below and addressed to the following:

**Washington Department of Agriculture**
*Defendant*
*Service address to be provided by Process Server's Declaration*

- [ ] Personal Service/Process Server
- [ ] First Class Mail, Postage Prepaid
- [ ] Certified Mail, Return Receipt
- [ ] Federal Express, Overnight
- [ ] Hand Delivery/AMS
- [ ] Email
- [ ] Court-run electronic service system

**Mike Firman**
*Defendant*
*Service address to be provided by Process Server's Declaration*

- [ ] Personal Service/Process Server
- [ ] First Class Mail, Postage Prepaid
- [ ] Certified Mail, Return Receipt
- [ ] Federal Express, Overnight
- [ ] Hand Delivery/AMS
- [ ] Email
- [ ] Court-run electronic service system

**Brad White**
*Defendant*
*Service address to be provided by Process Server's Declaration*

- [ ] Personal Service/Process Server
- [ ] First Class Mail, Postage Prepaid
- [ ] Certified Mail, Return Receipt
- [ ] Federal Express, Overnight
- [ ] Hand Delivery/AMS
- [ ] Email
- [ ] Court-run electronic service system

Amber Cuevas, Legal Assistant

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND
WRONGFUL TERMINATION — Page 10 of 10

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

# Exhibit

# A

| | |
|---|---|
| **From:** | Mullen, Kellie (AGR) |
| **Sent:** | Monday, June 22, 2020 3:13 PM |
| **To:** | Holmes, Brittany (AGR) |
| **Cc:** | kelliemullen@gmail.com |
| **Subject:** | Leave Notice |

6/22/2020

Hi Brittany,

As we have briefly discussed, I've recently been diagnosed with Hereditary Hemochromatosis, a physically and mentally difficult, potentially life-threatening iron storage disorder. I will be (hopefully, COVID has everything a bit delayed) meeting with a hematologist in the next week in order to assess the extent of the condition, and discuss a treatment plan. Treatment entails a series of phlebotomies, up to weekly, until the iron is "detoxed" from the body and at safe levels. This is great news—prognosis is excellent for people with this disorder, and quality of life is expected to drastically improve!

However, from my research, everyone's bodies respond differently to the intensive "treatment" phase. While the weekly phlebotomies remove excess iron, they also deplete other nutrients and immune factors (which, during COVID, is of concern). For reference, the Red Cross only allows donations every 8 weeks. People in treatment report feeling quite lethargic in the days after a phlebotomy, feeling better a few days before it's time for another! For this reason, I'm looking into taking FMLA time if eligible, and if my doctor and I feel it's medically necessary.

I appreciate our team's support and encouragement during this time, and I'm looking forwards to returning from treatment feeling my best and ready to be a high-functioning team member. Again, I will know more once I visit my hematologist, but I wanted to give official notice that I may be requiring medical leave, and give the team notice of my plans. Please feel free to share this info with management and HR as necessary.

Thank you!
Kellie Mullen

1

# Exhibit

# B

**From:**      Mullen, Kellie (AGR)
**Sent:**      Monday, December 7, 2020 2:36 PM
**To:**        Lovre, Ana (AGR)
**Cc:**        kelliemullen@gmail.com
**Subject:**   Leave Notice

12/7/2020

Ana,

I've made the decision to pursue more aggressive treatment in January, and with my doctor's confirmation, will be taking Paid Medical Leave expected effective 12/7 to 3/27 (12 weeks).

I'm very grateful for your continued support while I navigate a complex medical issue.

Sincerely,

*Kellie R Mullen*

*Chemist 2 (In-training)*
WSDA, Plant Protection, Chemical & Hop Lab
Email: Kmullen@agr.wa.gov

1

# Exhibit

# C

**From:**      Mullen, Kellie (AGR)
**Sent:**      Tuesday, December 8, 2020 1:08 PM
**To:**        Singleton, Lori (AGR)
**Cc:**        kelliemullen@gmail.com
**Subject:**   RE: FMLA-PFML - Blumenshine, Roberta 20094142


12/8/2020

Lori,

Thank you for the information, much appreciated.

As I was going through the attachments, I noticed in the "employer to employee notice" section that I will be required to have an Employer UBI# and if my employer offers supplemental benefits. Would you happen to have this information? I also read a clause stating that the employer isn't obligated to continue my medical insurance during the event, and was wondering if my insurance would be discontinued while I'm on leave..

Thank you for your help navigating these unfamiliar waters.

Also, note "Blumenshine, Roberta 20094142" is in the subject line—hopefully this isn't going to mess up your messages organization.

Best Regards,
Kellie Mullen

**From:** Singleton, Lori (AGR) <LSingleton@agr.wa.gov>
**Sent:** Tuesday, December 8, 2020 12:40 PM
**To:** Mullen, Kellie (AGR) <KMullen@agr.wa.gov>
**Cc:** Lovre, Ana (AGR) <ALovre@agr.wa.gov>
**Subject:** FW: FMLA-PFML - Blumenshine, Roberta 20094142
**Importance:** High


Good Afternoon Kellie -

The Human Resource Department was notified that you may be in need of Washington Paid Family Medical Leave (PFMLA). To aid you in this process, I have attached the required forms. If you have already applied, you may disregard.

This program is administer by Employment Security Department (ESD). You can use the link provided to apply online or you can also use the paper application I have provided. Please not the application process, eligibility, benefit determination is managed by ESD. https://paidleave.wa.gov/apply-now/ .

Thank you,

Lori
*Lori Singleton*
Senior HR Consultant/Leave Management Specialist
Washington State Department of Agriculture
PO Box 42560 | Olympia, WA 98504-2560

1

Ph: 360.902.1980 | Fax: 360.902.1821| C: 360.480.8040
lsingleton@agr.wa.gov



# Exhibit

# D

**From:**      Firman, Mike (AGR)
**Sent:**      Tuesday, December 8, 2020 3:39 PM
**To:**        Brown, Carla (AGR)
**Subject:**   Kellie Mullen

Carla,

Can we go forward with the proposed action?

She announced at a section meeting today that she was going to take three months of leave.

Mike

# Exhibit

# E



STATE OF WASHINGTON
## DEPARTMENT OF AGRICULTURE
P.O. BOX 42560 • OLYMPIA, WASHINGTON 98504-2560 • (360) 902-1800

December 9, 2020

Kellie Mullen
440 Ray Symmonds RD
Yakima, WA 98901

Dear Ms. Mullen:

This is to inform you of the termination of your probationary appointment as a Chemist 2 with the Department of Agriculture, Plant Protection Division, effective December 10, 2020. This action is pursuant to Article 4 of the Collective Bargaining Agreement (CBA) by and between the Washington Public Employee Association and the State of Washington

In accordance with Article 30 of the CBA, probationary separations are not subject to the grievance procedure in Article 30.2. If you have further questions, please feel free to contact Carla Brown, Human Resources Operations Manager at 360-584-8458.

Sincerely,

Brad White
Assistant Director
Plant Protection Division

cc:    Carla Brown, Human Resources Operations Manager
       Payroll Department
       Personnel File